```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

DES MOINES, IOWA, AREA LOCAL  )
AMERICAN POSTAL WORKERS UNION,)
ALF-CIO,                      )
                              )
          Plaintiff,          )         8:06CV239
                              )
     v.                       )
                              )
MAIL CONTRACTORS OF AMERICA,  )         MEMORANDUM OPINION
INC.,                         )
                              )
          Defendant.          )
_____)
```

This matter is before the Court on the motion to dismiss by the defendant Mail Contractors of America, Inc. ("Mail Contractors" or "defendant") which the Court has converted to a motion for summary judgment (Filing No. 10), and plaintiff's cross-motion for summary judgment (Filing No. 22). Having reviewed the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that defendant's motion should be denied and plaintiff's motion should be granted.

            I.   **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment must always bear "the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* NELR 56.1(a).  When the party seeking summary judgment carries its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996); *see* NELR 56.1(b).

At the summary judgment stage, the evidence is viewed in a light most favorable to the nonmoving party, with all inferences drawn in that party's favor.  *See Matsushita Elec. Indus.*, 475 U.S. at 587.  In making this review, the Court does not "weigh the evidence and determine the truth of the matter" but instead determines "whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus.*, 475 U.S. at 587.

## II.    BACKGROUND

Gary Vedder ("Vedder") was employed by Mail Contractors as a truck driver prior to his termination on May 23, 2003. Vedder was covered by a collective bargaining agreement which established grievance procedures available to Vedder.  The plaintiff, Des Moines, Iowa, Area Local American Postal Workers Union, AFL-CIO ("plaintiff" or "union"), grieved Vedder's termination.  This grievance was referred to the union steward and Vedder's manager for an attempted resolution under Step 2 of the grievance procedure.  The grievance was not resolved at this step and was properly moved to Step 3 of the grievance procedure on November 4, 2003.  At Step 3 the grievance is referred to the union's business representative and a principal officer of the company to attempt to resolve.  The grievance procedure does not specify any time constraints on how long the grievance can remain at Step 3.  If the Step 3 process does not resolve the grievance it can be turned over to the union arbitration committee for Step 4 and can then be taken to Step 5 arbitration within thirty (30) days after being taken to the union arbitration committee at Step 4.

Neither Mail Workers nor the plaintiff acted to definitively resolve the grievance at Step 3 or to act to move the grievance on to Step 4 until plaintiff asked to have the arbitration committee review the grievance on November 1, 2005.

-3-

Under the grievance process, it appears that either party could have acted to definitively resolve the grievance or to definitively state that the grievance was unresolved and should be moved on to Step 4 of the grievance process.  Mail Contractors could have acted to determine the status of the Vedder grievance at any time.  Instead, Mail Contractors did not act.  Even when the plaintiff sought to have the grievance reviewed by the arbitration committee, Mail Contractors never responded to this request.  Plaintiff then asked Mail Contractors to skip Step 4 and refer the grievance directly to arbitration under Step 5 on December 9, 2005.  Mail Contractors never replied to the plaintiff's November 1st or December 9th requests.  This complaint, seeking to compel arbitration, was filed on March 1, 2006 (Filing No. 1).

## II.  DISCUSSION

Plaintiff seeks to compel arbitration of a grievance pursuant to the collective bargaining agreement between plaintiff and defendant.  Defendant asserts that this complaint is barred by the applicable statute of limitations, and, even if the Court were to find that the statute of limitations does not bar the complaint, it should still be dismissed because plaintiff's delay before seeking arbitration was unreasonable.

At Step 3 the grievance is referred to the union's business representative and a principal officer of the company to

-4-

attempt to resolve. While the grievance procedure has time limitations at the majority of the steps, the grievance procedure does not specify any time constraints on how long the grievance can remain at Step 3.[1] The plaintiff did not violate any explicit time constraints imposed under the grievance procedure.

The defendant asserts that plaintiff has violated the six-month statute of limitations contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). The defendant asserts that the statute of limitations ran because approximately 776 days elapsed from the last meeting over the grievance until this complaint was filed.

The Eighth Circuit has held that the statute of limitations under § 10(b) begins to run "when one party clearly articulates its refusal to arbitrate the dispute." *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (*quoting United Food & Commercial Workers Union, Local No. 88 v. Middendorf Meat Co.*, 794 F. Supp. 328, 332 (E.D. Mo. 1992); *aff'd*, 991 F.2d 801 (8th Cir. 1993)). Under the grievance process, it appears that either party could have acted to definitively resolve the grievance or to definitively state that the grievance was unresolved and

---

[1] Under Step 1 an aggrieved employee has fourteen (14) days to take a grievance up with a supervisor. If not resolved at Step 1, under Step 2 the grievance must be referred within three (3) days to the steward and a manager. If not resolved at Step 2, it must be referred within seven (7) days to Step 3. (Defendants Motion to Dismiss, Ex. 1, Art. 9, Grievance Procedure).

should be moved on to Step 4 of the grievance process.  As such, Mail Contractors could have acted to determine the status of the Vedder grievance at any time.  Instead, Mail Contractors did not act.  Even when the plaintiff sought to have the grievance reviewed by the arbitration committee, Mail Contractors never responded to this request.  Having never acted to definitively achieve closure on this grievance, Mail Contractors is not able to effectively assert a statute of limitations defense.  Further, under § 10(b) the statute of limitations does not begin to run until one party "clearly articulates its refusal to arbitrate the dispute."  *Bass,* 232 F.3d at 518.  Where neither party has clearly articulated its refusal to arbitrate, the statute of limitations under § 10(b) does not bar this complaint.

       The defendant next asserts that the complaint should be dismissed because plaintiff's request for arbitration was made so long after the grievance was filed and referred to Step 3 of the grievance procedure.  This is an argument that is better left to the arbitrator.  "It is the arbitrator's construction which was bargained for."  *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960).  The Eighth Circuit has taken the stance that [timeliness] is a procedural question reserved for arbitrators, not district courts.  *Automotive, Petroleum and Allied Ind's Employees Union, Local No. 618 v. Town & Country*

*Ford*, 709 F.2d 509, 514 (8th Cir. 1983).  Therefore, the Court declines to dismiss the complaint on these grounds.

Finally, the defendant asserts that the complaint should be dismissed under the doctrine of laches.  A prerequisite to dismissal under the doctrine of laches is a finding that allowing the complaint to go forward would be prejudicial to the defendant.  *Russell v. Todd*, 309 U.S. 280, 287 (1940).  The defendant has made no specific showing that submitting this grievance to arbitration would be prejudicial to the defendant, and the Court finds that this complaint is not barred by the doctrine of laches.

Having found that this complaint to compel arbitration is not barred by any statute of limitations or the doctrine of laches, the Court will deny defendant's motion for summary judgment and grant plaintiff's motion for summary judgment, thereby declaring that defendant Mail Contractors is required to submit the grievance over Vedder's termination to arbitration.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 14th day of September, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court